TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Attorney for the Plaintiff, proposed FLSA Collective,
and potential Rule 23 Class

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
Shengjian Zhuang, and Xiaobang Fan a/k/a Bao Fan, *on*
*behalf of themselves and others similarly situated,*
                                Plaintiffs,

                   v.

Hui's Garden Restaurant Inc d/b/a Hui's Garden,
Qiyuan Garden Restaurant Inc d/b/a Hui's Garden, Ai
Feng Zhu, and Hui Wang,
                               Defendants.
-----------------------------------------------------------------*x*

**Case No: 17-cv-7547**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

      Plaintiffs Shengjian Zhuang, and Xiaobang Fan a/k/a Bao Fan (hereinafter referred to as

"Plaintiffs"), on behalf of themselves and others similarly situated, by and through their

attorneys, Troy Law, PLLC, hereby brings this complaint against Defendants Hui's Garden

Restaurant Inc d/b/a Hui's Garden, Qiyuan Garden Restaurant Inc d/b/a Hui's Garden, Ai Feng

Zhu, and Hui Wang (hereinafter referred to as "Defendants").

## **INTRODUCTION**

1.     This action is brought by Plaintiffs, on behalf of themselves as well as other similarly

situated employees against Defendants for violations of the Fair Labor Standards Act ("FLSA")

29 U.S.C. §§ 201 *et seq.* and of the New York Labor Law ("NYLL") and implementing New

York Codes, Rules, and Regulations ("NYCRR"), arising from Defendants' various willful and

unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA, NYLL, and NYCRR by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, wages for each hour worked, minimum wage for each hour worked, overtime for all hours worked in excess of forty (40) in each workweek, and spread-of-hours for all hours worked in excess of ten (10) in each workday.

3.      Defendants willfully failed to record all of the time that Plaintiff and similarly situated employees work or worked, including time worked in excess of forty (40) hours per week and ten (10) hours per day.

4.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid minimum wages, (3) unpaid overtime, (4) liquidated damages; (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

5.      Plaintiff further alleges pursuant to the NYLL § 650 *et seq.* and 12 NYCRR § 146 that he is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid minimum wages, (3) unpaid overtime, (4) unpaid spread-of-hours; (5) liquidated damages equal to one hundred percent (100%) of the sum of unpaid wages, unpaid overtime, and unpaid spread-of-hours under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (7) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a wage statement that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day (8) nine percent (9%)

simple prejudgment interest as provided by the New York Civil Practice Law and Rules

("CPLR") NYCPLR § 5004, (9) post-judgment interest, and (10) attorneys' fees and costs.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under 29

U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor

Law claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b)

and (c), because Defendants conduct business in this District, and the acts and omissions giving

rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFFS**

8.      Plaintiff Shengjian Zhuang was employed by Defendants as a fry wok at Hui's Garden

located at 41-08 College Point Boulevard, Flushing, NY 11355.

9.      Plaintiff Xiaobang Fan a/k/a Bao Fan was employed by Defendants as a chef at Hui's

Garden located at 41-08 College Point Boulevard, Flushing, NY 11355.

**DEFENDANTS**

***Corporate Defendants***

10.      Defendant Hui's Garden Restaurant Inc d/b/a Hui's Garden is a domestic business

corporation organized under the laws of the State of New York with a principal address at 41-08

College Point Boulevard, Flushing, NY 11355.

11.      Upon information and belief Hui's Garden Restaurant Inc d/b/a Hui's Garden is a

business engaged in interstate commerce that has gross sales in excess of Five Hundred

Thousand Dollars ($500,000) per year.

12.      Upon information and belief, Hui's Garden Restaurant Inc d/b/a Hui's Garden purchased

and handled goods moved in interstate commerce.

13.    Defendant Qiyuan Garden Restaurant Inc d/b/a Hui's Garden is a domestic business corporation organized under the laws of the State of New York with a principal address at 41-08 College Point Boulevard, Flushing, NY 11355.

14.    Upon information and belief Qiyuan Garden Restaurant Inc d/b/a Hui's Garden is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

15.    Upon information and belief, Qiyuan Garden Restaurant Inc d/b/a Hui's Garden purchased and handled goods moved in interstate commerce.

***Individual Defendants***

16.    The Individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest corporate shareholders are individually responsible for unpaid wages under the New York Business Corporation Law ("NYBSC") § 630(a).

17.    Ai Feng Zhu (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at Hui's Garden Restaurant Inc d/b/a Hui's Garden and Qiyuan Garden Restaurant Inc d/b/a Hui's Garden.

18.    Ai Feng Zhu actually paid employees.

19.    Ai Feng Zhu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with Hui's Garden Restaurant Inc d/b/a Hui's Garden and Qiyuan Garden Restaurant Inc d/b/a Hui's Garden.

20.     Hui Wang (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at Hui's Garden Restaurant Inc d/b/a Hui's Garden and Qiyuan Garden Restaurant Inc d/b/a Hui's Garden.

21.     Upon information and belief, Hui Wang is the founder and owner of Hui's Garden.

22.     Hui Wang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with Hui's Garden Restaurant Inc d/b/a Hui's Garden and Qiyuan Garden Restaurant Inc d/b/a Hui's Garden.

## STATEMENT OF FACTS

### CORPORATE DEFENDANTS ARE JOINT EMPLOYERS

23.     At all relevant times, Hui's Garden Restaurant Inc and Qiyuan Garden Restaurant Inc together operated Hui's Garden using the same premises and the same equipment to conduct the same business of preparing and serving Chinese food; employing the same employees, including Plaintiffs, to do the same tasks which were integral to the business; and under the same managers, including Ai Feng Zhu and Hui Wang.

### DEFENDANTS COMMITTED THE FOLLOWING ALLEGED ACTS KNOWINGLY, INTENTIONALLY, AND WILLFULLY AGAINST THE PLAINTIFF, THE FLSA COLLECTIVE, AND THE CLASS

24.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees for each hour worked.

25.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

26.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

27.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful overtime of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

28.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful spread of hours for workdays that began and ended ten (10) hours apart.

29.    At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours worked and wages paid.

30.    Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

31.    At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notices in their primary languages reflecting rates of pay and payday as well as paystubs that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from employees' wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

32.    At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with statements every payday that accurately listed all of the following: the dates of work covered by that payment of wages; the employee's name; the name of the employer; the address and phone number of the employer; the employee's rate or rates of pay and basis thereof; the employee's gross wages; the employee's deductions; allowances, if any, claimed as part of the minimum wage; net wages; the employee's regular hourly rate or

rates of pay; the employee's overtime rate or rates of pay; the employee's number of regular

hours worked, and the employee's number of overtime hours worked.

33.     Defendants knew that the nonpayment of wages for all hours worked and the nonpayment

of wages at one and one-half time (1.5x) employees' regular rates would financially injure

Plaintiff and similarly situated employees, and violate state and federal laws.

34.     At all relevant times, Defendants failed to post the required New York State Department

of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

**PLAINTIFF SHENGJIAN ZHUANG**

35.     From on or about March 1, 2017 to October 18, 2017, Plaintiff was employed by

Defendants as a fry wok at Hui's Garden located at 41-08 College Point Boulevard, Flushing,

NY 11355.

36.     At the time he was hired, Plaintiff was not given a written notice in his primary language

regarding all of the following items: his rate or rates of pay and basis thereof;  allowances

claimed as part of the minimum wage;  the regular pay day designated by the employer;  the

name of the employer;  any "doing business as" names used by the employer;  the physical and

mailing addresses of the employer's main office or principal place of business; and the telephone

number of the employer.

37.     Throughout his employment, Plaintiff was not given a written notice regarding all of the

following items: his rate or rates of pay and basis thereof;  allowances claimed as part of the

minimum wage;  the regular pay day designated by the employer;  the name of the employer;

 any "doing business as" names used by the employer;  the physical and mailing addresses of the

employer's main office or principal place of business; and the telephone number of the employer.

38.     Throughout his employment, Plaintiff's regular work schedule ran:

      a.      From 08:00 to 19:00, for eleven (11) hours per day, five (5) days per week,

Tuesdays, Wednesdays, Fridays, Saturdays, and Sundays; and

b.      From 08:00 to 13:30, for five and one half (5.5) hours per day, two (2) days per

week, Mondays and Thursdays.

39.     Throughout his employment, Plaintiff was afforded no meal or rest breaks.

40.     In total, throughout his employment, Plaintiff worked a total of sixty-six (66) hours per

week.

41.     Throughout his employment, Plaintiff was paid a flat rate of four thousand dollars

($4,000.00) each month, with a portion paid out in weekly checks of three hundred ninety-nine

dollars ($399.00) each, and the remainder paid in cash on the first and fifteenth days of each

month.

42.     Throughout his employment, Defendants failed to provide Plaintiff with statements every

payday that accurately listed all of the following: the dates of work covered by that payment of

wages;  his name; the name of the employer;  the address and phone number of the employer;  his

rate or rates of pay and basis thereof; his  gross wages;  his deductions;  allowances, if any,

claimed as part of the minimum wage;  net wages; his regular hourly rate or rates of pay; his

overtime rate or rates of pay;  his number of regular hours worked, and his number of overtime

hours worked.

43.     Defendants withheld Plaintiff's taxes only against the portion of his salary that was paid

by check.

44.     Defendants' tax documents falsely claim that Plaintiff worked only a forty-hour (40-

hour) week.

45.     Throughout his employment, Plaintiff was not paid overtime for hours worked above

forty (40) in any given workweek.

46.    Throughout his employment, Plaintiff was not paid spread of hours for workdays that began and ended ten (10) hours apart.

47.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

48.    At no time during Plaintiff's employment did Defendants inform him that they were taking any credits towards the minimum wage.

**PLAINTIFF XIAOBANG FAN A/K/A BAO FAN**

49.    From on or about June 13, 2017 to October 18, 2017, Plaintiff was employed by Defendants as a chef at Hui's Garden located at 41-08 College Point Boulevard, Flushing, NY 11355.

50.    At the time he was hired, Plaintiff was not given a written notice in his primary language regarding all of the following items: his rate or rates of pay and basis thereof; allowances claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical and mailing addresses of the employer's main office or principal place of business; and the telephone number of the employer.

51.    Throughout his employment, Plaintiff was not given a written notice regarding all of the following items: his rate or rates of pay and basis thereof; allowances claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical and mailing addresses of the employer's main office or principal place of business; and the telephone number of the employer.

52.    Throughout his employment, Plaintiff's regular work schedule ran From 08:00 to 19:00, for eleven (11) hours per day, six (6) days per week, Mondays through Saturdays, with Sundays off.

53.     Throughout his employment, Plaintiff was afforded no meal or rest breaks.

54.     In total, throughout his employment, Plaintiff worked a total of sixty-six (66) hours per week.

55.     Throughout his employment, Plaintiff was paid a flat rate of two thousand seven hundred dollars ($2,700.00) each month, with a portion paid out in weekly checks of three hundred ninety-nine dollars ($399.00) each, and the remainder paid in cash on the first and fifteenth days of each month.

56.     Throughout his employment, Defendants failed to provide Plaintiff with statements every payday that accurately listed all of the following: the dates of work covered by that payment of wages;  his name; the name of the employer;  the address and phone number of the employer;  his rate or rates of pay and basis thereof; his  gross wages;  his deductions;  allowances, if any, claimed as part of the minimum wage;  net wages; his regular hourly rate or rates of pay; his overtime rate or rates of pay;  his number of regular hours worked, and his number of overtime hours worked.

57.     Defendants withheld Plaintiff's taxes only against the portion of his salary that was paid by check.

58.     Defendants' tax documents falsely claim that Plaintiff worked only a forty-hour (40-hour) week.

59.     Throughout his employment, Plaintiff was not paid overtime for hours worked above forty (40) in any given workweek.

60.     Throughout his employment, Plaintiff was not paid spread of hours for workdays that began and ended ten (10) hours apart.

61.     While employed by Defendants, Plaintiff was not exempt under federal and state laws

requiring employers to pay employees overtime.

62.    At no time during Plaintiff's employment did Defendants inform him that they were taking any credits towards the minimum wage.

## COLLECTIVE ACTION ALLEGATIONS

63.    Plaintiffs bring this action individually and on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the hourly minimum wage and/or overtime for all hours worked in excess of forty (40) per week (the "Collective Action Members.")

## CLASS ACTION ALLEGATIONS

64.    Plaintiffs bring their NYLL claims pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

65.    All said persons, including Plaintiffs, are referred to herein as the "Class."

66.    The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

67.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise

number of such persons is unknown, and the facts on which the calculation of the number can be based are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the Class.

***Commonality***

68.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.    Whether Defendant employed Plaintiffs and the Class members within the meaning of the NYLL;

b.    Whether Plaintiffs and the Class members were entitled to and paid minimum wage under the NYLL;

c.    Whether Plaintiffs and the Class members were entitled to and paid overtime under the NYLL;

d.    Whether Plaintiffs and the Class members were entitled to and paid spread-of-hours pay under the NYLL and NYCRR;

e.    Whether Defendants maintained a policy, pattern, and/or practice of failing to provide statutory meal periods;

f.    Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs' and the Class members' employment, or timely thereafter;

g.    Whether Defendants provided paystubs detailing the rates of pay and credits taken toward the minimum wage to Plaintiffs and the Class members each payday; and

h.    At what common rate, or rates subject to a common method of calculation were and are Defendants required to pay the Class members for their work.

*Typicality*

69.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate policies of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

*Adequacy*

70.    Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

71.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common class-wide relief. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

72.    Defendants and other employers throughout the state of New York violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Nonpayment of Minimum Wage Brought on behalf of the Plaintiffs and the FLSA Collective]**

73.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

74.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory

minimum wage to Plaintiffs, and the similarly-situated Collective Action Members, for some or all of the hours they worked.

75.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional amount as liquidated damages.

76.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage when they knew or should have known that such was due and that failing to do so would financially injure Plaintiffs and the Collective Action Members.

**COUNT II.**
**[Violations of the New York Labor Law—Nonpayment of Minimum Wage**
**Brought on behalf of the Plaintiffs and the Rule 23 Class]**

77.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

78.    At all relevant times, Plaintiff was employed by Defendants within the meaning of NYLL NYLL §§ 2 and 651.

79.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Class for some or all of the hours they worked.

80.    Defendants knowingly and willfully violated Plaintiffs' and similarly-situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

81.    After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Nonpayment of Overtime
Brought on behalf of the Plaintiffs and the FLSA Collective]

82.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

83.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for such employment at a rate not less than one and one-half times (1.5x) the regular rate at which he is employed, or one and one-half times (1.5x) the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

84.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

85.    Defendants' failure to pay Plaintiffs and the FLSA Collective overtime violated the FLSA.

86.    At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime at the statutory rate to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA, 29 U.S.C §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

87.    The FLSA and supporting regulations require employers to notify employees of the requirements of the employment law. 29 C.F.R. § 516.4.

88.    Defendants willfully failed to notify Plaintiffs and the FLSA Collective of the requirements of their employment laws in order to facilitate their exploitation of Plaintiff's and the FLSA Collective Members' labor.

89.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by their failure to compensate Plaintiff and the Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known that failing to do so would financially injure Plaintiffs and the Collective.

## COUNT IV.
### [Violations of the New York Labor Law—Nonpayment of Overtime Brought on behalf of the Plaintiffs and the Rule 23 Class]

90.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

91.     After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

92.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime at one and one-half times (1.5x) Plaintiff's and the Class Members' regular hourly rate or the minimum wage, whichever is greater.

93.     Defendants' failure to pay overtime violated the NYLL.

94.     Defendants' failure to pay overtime was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Failure to Pay Spread of Hours Brought on behalf of Plaintiffs and Rule 23 Class]

95.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

96.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and 12 NYCRR § 146-1.6.

97.     Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT VI.
**[Violation of New York Labor Law—Failure to Provide Meal Periods
Brought on behalf of Plaintiff and Rule 23 Class]**

98.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

99.     The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL § 162.

100.    Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiffs and the Rule 23 class work or worked.

101.    Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

102.    Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

## COUNT VII.
**[Violation of New York Labor Law—Failure to Keep Records
Brought on behalf of Plaintiffs and Rule 23 Class]**

103.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

104.    Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for

a period of not less than six years, as required by 12 NYCRR § 146-2.1.

105.    As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

106.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

107.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Rule 23 Class]

108.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

109.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a).

110.    Defendants intentionally failed to provide notice to employees in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

111.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

112.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. NYLL § 198(1-b).

## COUNT IX.
### [Violation of New York Labor Law—Failure to Provide Pay Stub
### Brought on behalf of Plaintiffs and Rule 23 Class]

113.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

114.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

115.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff's payday.

116.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiffs together with costs and attorneys' fees pursuant to New York Labor Law. NYLL §198(1-d).

## COUNT X.
### [Violations of the Internal Revenue Code—Fraudulent Filing of IRS Returns
### Brought on behalf of the Plaintiff]

117.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

118.    26 USC § 7434 provides that if any person willfully files a fraudulent information return

with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

119.    Due to Defendants' violations of 26 USC § 7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

### COUNT XI.
### [Violations of the New York General Business Law—Deceptive Acts and Practices Brought on behalf of the Plaintiff]

120.    Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

121.    NY General Business Law § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

122.    Due to Defendants' violations of NYGBS § 349, Plaintiff is entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater, or both such actions.

123.    Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporations to recover wages owed as employees of the corporations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf, and on the behalf of the FLSA Collective and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

      a.    Certification of this case as a collective action pursuant to FLSA;

b.      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action members;

c.      A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

d.      An injunction against Corporate Defendants, their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

e.      An award of compensatory damages equal to the unpaid minimum wage, overtime, and spread of hours due to Plaintiff and the Collective under FLSA, and to Plaintiff and the Class under the NYLL, plus punitive and/or liquidated damages equal to compensatory damages under the New York Wage Theft Prevention Act for Defendants' willful failure to pay minimum wage, overtime, and spread of hours;

f.      Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire notice detailing rates of pay and payday;

g.      Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide paystubs that list employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

h.      Reimbursement of reasonable out-of-pocket costs sustained by Plaintiff and similarly situated delivery couriers in the purchase, maintenance, and repair of their delivery vehicles in direct service of Defendants;

i.      An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

j.      The costs and disbursements of this action;

k.      An award of prejudgment and post-judgment interest;

l.      Providing that if any amounts remain unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to appeal with no appeal then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).

m.      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: December 27, 2017          TROY LAW, PLLC
       Flushing, NY                *Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*


                                   /s/ John Troy_____
                                   John Troy (JT 0481)
                                   41-25 Kissena Boulevard, Suite 119
                                   Flushing, NY 11355
                                   Tel (718) 762-1324
                                   johntroy@troypllc.com