UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHENGJIAN ZHUANG,
XIAOBANG FAN,
      *also known as Bao Fan*,
      *on behalf of themselves and others similarly situated*,

                    Plaintiffs,

         -against-
                                    **ORDER TO
SHOW CAUSE**
17-CV-7547-ENV-SJB

HUI'S GARDEN RESTAURANT INC,
      *doing business as Hui's Garden*,
QIYUAN GARDEN RESTAURANT INC,
      *doing business as Hui's Garden*
AI FENG ZHU,
HUI WANG,

                    Defendants.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

On February 8, 2019, Plaintiffs filed a request with the Clerk of Court for

certificates of default against Defendants Hui's Garden Restaurant Inc. ("Hui's

Garden"), Ai Feng Zhu ("Zhu"), and Hui Wang ("Wang") in this Fair Labor Standards

Act ("FLSA") action. (Req. for Certificate of Default, Dkt. No. 19 ("Default Request")).[1]

In their Default Request, Plaintiffs state that Hui's Garden and Qiyuan Garden were

properly served with the Summons and Complaint on December 28, 2017 and that proof

of such service was filed on the record on June 1, 2018. (*Id.* at 1; *see* Summonses

---

[1] Although Plaintiffs' filing states that Defendant Qiyuan Garden Restaurant Inc. ("Qiyuan Garden") was properly served and has missed its deadline to respond to the Complaint, the request does not actually ask the Clerk of Court to enter default against it. (*See* Default Request; Proposed Certificate of Default, attached as Ex. 2 to Default Request, Dkt. No. 19 at 2). However, since both Qiyuan Garden and Hui's Garden are allegedly one and the same, the Court proceeds as if Plaintiffs have requested certificates of default against both.

Returned Executed, Dkt. Nos. 9-10). Plaintiffs state the same is true as to Individual

Defendants Zhu and Wang. (Default Request at 1-2; *see* Summonses Returned

Executed, Dkt. Nos. 11-12). According to Plaintiffs, all Defendants missed the deadline

of January 18, 2018 to respond to the Complaint. (Default Request at 1-2). For the

reasons described below, Plaintiffs are ordered to show cause as to why service on all

Defendants was proper and why the Clerk should not deny the requests for default.

Service on Corporate Defendants Hui's Garden and Qiyuan Garden purportedly

occurred through delivery to "'Jane Doe', Manager, who is designated by law to accept

service of process on behalf of" the corporations. (Summonses Returned Executed, Dkt.

Nos. 9-10). In other words, Plaintiffs attempted to serve Corporate Defendants

pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) or New York Civil Practice Law

and Rules § 311(a)(1), which both authorize service on a corporation through authorized

agents. *See* Fed. R. Civ. P. 4(h)(1)(B); N.Y. C.P.L.R. § 311(a)(1).[2]

Although "the process server may rely upon the corporation's employees to

identify the individuals authorized to accept service," such a reliance must be

reasonable. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d

Cir. 2002). "A process server's reliance has been found unreasonable when he made no

attempt to ascertain the title or corporate position of the individual who accepted the

papers or even to inquire whether the individual was actually an employee of the

defendant corporation." *Prescription Containers, Inc. v. Cabiles*, No. 12-CV-4805, 2014

WL 1236919, at *6 (E.D.N.Y. Feb. 14, 2014) (quotations omitted) (recommending denial

---

[2] A plaintiff may serve a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual[,]" which allows for service according to state law in which the federal district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A).

of motion for default judgment due to inadequate service), *report and recommendation adopted*, 2014 WL 1237098 (Mar. 25, 2014).

Here, the Summonses do not explain how the server knew that Jane Doe was authorized to accept service. This facial infirmity suggests service was not made to a person authorized to accept service. *See, e.g., Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc.*, No. 13-CV-4590, 2014 WL 6606402, at *4 (E.D.N.Y. Aug. 4, 2014) (recommending denial of motion for default judgment where "process server's affidavit describes the person who received the summons and complaint as a 'Jane Doe' who is 'designated by law to accept service of process on behalf' of defendant. The process server simply states that Jane Doe is authorized to accept service and does not state how he arrived at this conclusion; nothing is offered to support the assertion.") (citation omitted), *report and recommendation adopted*, 2014 WL 4536911 (Sept. 11, 2014); *Prescription Containers, Inc.*, 2014 WL 1236919, at *7 ("The Court cannot find based on the affidavit of service or Mr. Kemp's declaration that the unnamed individual [John Doe] he served was [authorized to accept service]."); *Augustin v. Apex Fin. Mgmt.*, No. 14-CV-182, 2015 WL 5657368, at *3 (E.D.N.Y. July 27, 2015) ("The Court has some concerns about the validity of service of process in this case. . . . Mr. Valentine's affidavit does not describe the basis of his knowledge that Ms. Velasco was 'designated by law to accept service of process on behalf of' Apex."), *report and recommendation adopted*, 2015 WL 7430008 (Nov. 23, 2015). Generally, where Courts have concluded that service on a "Doe" is proper, the person has affirmatively indicated that she is authorized to accept service on behalf of the corporation. *E.g., Home Loan Inv. Bank, F.S.B. v. Goodness & Mercy, Inc.*, No. 10-CV-4677, 2011 WL 1701795, at *7

(E.D.N.Y. Apr. 30, 2011) (deeming corporate service sufficient where "the process server left a copy of the summons and complaint with 'Ann 'Doe' Manager', who indicated that she was authorized to accept service on behalf of the corporation").[3]

Service on Individual Defendants Zhu and Wang purportedly occurred through delivery "at the individual's residence or usual place of abode with . . . 'Jane Doe,' Manager of Hui's Garden, a person of suitable age and discretion who resides there." (Summonses Returned Executed, Dkt. Nos. 11-12).  This strikes the Court as unlikely for several reasons.  First, there is no reason to believe, and it seems unlikely, that both Zhu and Wang live at the same residence, which according to the Summonses is 136-21 41st Avenue, Flushing, NY 11355.  (*See id.*).  Second, even if both Zhu and Wang do live at this residence, it strains credulity that Jane Doe, a "manager" of Hui's Garden also lives with them in their home.  Third, even if all three of these individuals live at 136-21 41st Avenue, service could not have occurred at the time stated, namely 12:00 PM on December 28, 2017.  (*Id.*).[4]  This is impossible, as service on the Corporate Defendants

---

[3] The Court would have the same concerns if Plaintiffs argued service was proper because Jane Doe was a "managing agent" of the Corporate Defendants.  Further, under both the Federal Rules and New York law, "[a] 'managing agent' is not a manager in the colloquial sense, *i.e.* a person whose role is to supervise the day-to-day work of other employees." *Lin v. Quality Woods, Inc.*, No. 17-CV-3043, 2019 U.S. Dist. LEXIS 14239, at *12 (E.D.N.Y. Jan. 28, 2019) (report and recommendation); *see also Cooney v. Barry Sch. of Law*, 994 F. Supp. 2d 268, 270 (E.D.N.Y. 2014) ("[T]he phrase 'managing or general agent' does not refer to any agent of the corporation, but one who operates at its highest levels, or at least has overall authority to make high-level decisions on the part of the enterprise.").  If Plaintiffs choose to make such an argument, they are directed to show cause as to why Jane Doe could be considered a "managing agent" in the context of service.

[4] The service for Individual Defendants purportedly occurred on "12/28/2017 at 12:00." (Summonses Returned Executed, Dkt. Nos. 11-12).  The Summonses do not state whether this was AM or PM; however, the Court assumes Plaintiffs are not purporting to have served Defendants at midnight.

also purportedly occurred at the same time on the same day, and seemingly on the same

"Jane Doe, Manager," at a different address 0.5 miles away.  (*See* Summonses Returned

Executed, Dkt. Nos. 9-10).  These circumstances all suggest that service was not

effectuated as required.  *See, e.g.*, *Lopez v. Yossi's Heimishe Bakery Inc.*, No. 13-CV-

5050, 2015 WL 1469619, at *6 (E.D.N.Y. Mar. 30, 2015) (adopting report and

recommendation) ("In short, the record is internally inconsistent with respect to when

and how (and how effectively) the plaintiffs mailed the summonses to the Eagles. . . .

Accordingly, I conclude that the plaintiffs have failed to establish that this court has

personal jurisdiction over the individual defendants.").

Plaintiffs must respond to this Order by **February 26, 2019** and show cause

why service was proper as to each and any Defendant and why the request for

certificates of default should not be denied.

SO ORDERED.

*/s/ Sanket J. Bulsara* February 19, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

5