UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
SHENGJIAN ZHUANG,                                           :
                                                            :
                                       Plaintiff,           :
                                                            :        MEMORANDUM & ORDER
                           -against-                        :
                                                            :        17-CV-7547 (ENV) (PCG)
HUI WANG,                                                   :
                                                            :
                                       Defendant.           :
------------------------------------------------------------- x

VITALIANO, D.J.

On January 23, 2026, after the jury returned a verdict against her on all of plaintiff Shengjian Zhuang's claims, defendant Hui Wang, also known as Kelly H. Wang, renewed her motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b).[1] Wang's motion is denied for the reasons that follow.

## Legal Standard

Under Rule 50, a court may grant a motion for judgment as a matter of law in a jury trial if it finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for" the non-moving party on the claim in question. Fed. R. Civ. P. 50(a)(1). But such motions are rarely granted and only if: (1) "there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture"; or (2) "there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it." *Ortiz v. Stambach*, 137 F.4th 48, 61 (2d Cir. 2025) (quoting *Williams v. Cnty. of Westchester*, 171 F.3d 98, 101 (2d Cir. 1999)) (internal quotation marks omitted).

---

[1] The parties' familiarity with the underlying facts and procedural history of this case is presumed.

1

When deciding a Rule 50 motion, a court "may not weigh the credibility of witnesses or otherwise consider the weight of the evidence." *Edelman v. NYU Langone Health Sys.*, 141 F.4th 28, 44 (2d Cir. 2025) (quoting *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 133 (2d Cir. 2008)) (internal quotation marks omitted). Instead, the court "must consider the evidence in a light most favorable to the nonmovant and grant that party every reasonable inference that the jury might have drawn in its favor." *Id.* (quoting *Wolf v. Yamin*, 295 F.3d 303, 308 (2d Cir. 2002)) (internal quotation marks omitted). Likewise, "all evidence favorable to the moving party that the jury is not required to believe" must be disregarded. *Id.* (quoting *Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 153 (2d Cir. 2014)) (internal quotation marks omitted).

Discussion

Wang moves for judgment as a matter of law only as to Zhuang's 26 U.S.C. § 7434 claim. Section 7434 "provides a private right of action for a plaintiff to sue any person who 'willfully files a fraudulent information return with respect to payments purported to be made' to the [p]laintiff." *Toxqui v. R&P Pizza Corp.*, No. 24-cv-03339 (LJL), 2025 WL 2430569, at *14 (S.D.N.Y. Aug. 22, 2025) (quoting 26 U.S.C. § 7434(a)). To prevail on this claim, the plaintiff must establish each of the following three elements: (1) "the defendant issued an information return" (e.g., a W-2 form); (2) "the information [return] was fraudulent"; and (3) "the defendant willfully issued the fraudulent information return." *Id.* (quoting *Munn v. APF Mgmt. Co.*, No. 19-CV-10791 (CS), 2020 WL 7264471, at *4 (S.D.N.Y. Dec. 10, 2020)) (internal quotation marks omitted). Wang argues that Zhuang has failed to satisfy this test—and that, specifically, the evidence admitted at trial cannot, as a matter of law, prove that she was the one that filed the information return at the heart of this claim.

This statutory inquiry, however, implicates a prefatory issue that remains unsettled by any

2

circuit precedent nationally. Though a smattering of district courts have confronted the issue, they are irreconcilably split on how far liability should be extended among those who may have had one role or another in the filing of the tax information.

Some courts, relying on an IRS regulation defining the term "filer," have decided that only the individual or entity legally required to file the information return can face liability under Section 7434. *See, e.g.*, *Vandenheede v. Vecchio*, No. 12–12284, 2013 WL 692876, at *3 (E.D. Mich. Feb. 26, 2013). But that interpretation is, at best, a stretch. What matters under the language of the statute is the identity of the information return's filer, not the identity of the entity or person who was required to file it. *See* 26 U.S.C. § 7434(a). Using an IRS regulation to alter the plain meaning of the statute is improper as a matter of statutory construction, especially when the regulation "construes a [completely] different section of the tax code," 26 U.S.C. § 6721, and the word "filer" does not even make an appearance in Section 7434. *Flinn v. C Pepper Logistics LLC*, No. 2:20-CV-02215-JAR-KGG, 2021 WL 97159, at *5 (D. Kan. Jan. 11, 2021). Taking this approach, moreover, could lead to unwanted results, where fraudsters could not be held liable simply because federal law did not impose an obligation on them to file the information return in the first place. *See Sigurdsson v. Dicarlantonio*, No. 6:12-cv-920-Orl-TBS, 2013 WL 12121866, at *7 (M.D. Fla. Dec. 11, 2013).

Other courts, seizing upon the statute's use of the expansive language "any person," have concluded that the statute covers not only the filer of the information return but also anyone who may have assisted in preparing the information return or "caused it to be filed." *See, e.g.*, *Angelopoulos v. Keystone Orthopedic Specialists, S.C., Wachn, LCC*, No. 12–cv–05836, 2015 WL 2375225, at *3-4 (N.D. Ill. May 15, 2015). But this interpretation, coming at the other end of the spectrum, is similarly flawed and unconvincing. While it is true that "any person" can be held

3

liable, that does not change the fact that, for liability to attach, the person to be held liable under this section must have been the one who did the filing of the information return. *See* 26 U.S.C. § 7434(a).

Moreover, reading the statute to impose liability on aiders and abettors and sweep in every single person even tangentially associated with the preparation of the information return would be tantamount to amending the statute by judicial diktat. Indeed, "[w]here a statute's text clearly 'does not itself reach those who aid and abet' a violation, to nevertheless read in a cause of action against aiders and abettors would 'extend liability beyond the scope of conduct prohibited by the statutory text.'" *Toxqui*, 2025 WL 2430569, at \*15 (quoting *Cent. Bank of Denv., N.A. v. First Interstate Bank of Denv., N.A.*, 511 U.S. 164, 177 (1994)). Congress knows how to explicitly create aider and abettor liability when it wants to, *see* 26 U.S.C. § 6701, and its decision not to do so here is therefore meaningful and must be respected, *cf. Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 569 (2d Cir. 2011).

Adopting an actual filer rule does not mechanically limit the statute's reach to a single entity. Statutes must be interpreted in a real-world context, and in the world of business, that means the involvement of business entities which act through various agents and/or other entities. Indeed, corporations, limited liability companies, and other such entities, as artificial creatures of law, can only act through their agents. *United States v. Sullivan*, 118 F.4th 170, 219 (2d Cir. 2024). For a corporation to file an information return, an agent of that corporation must be the one to actually file the document on the corporation's behalf. When that happens, both the corporation and its agent can be said to have filed the return. Both therefore can be held liable under the terms of Section 7434. *See Sigurdsson*, 2013 WL 12121866, at \*6-7. Courts in this circuit have frequently come to the same conclusion—that a corporate agent, personally involved in the

4

commission of wrongful corporate conduct, can be held individually liable—in other federal law contexts. *See, e.g.*, *Century 21 Real Est. LLC v. Bercosa Corp.*, 666 F. Supp. 2d 274, 283 (E.D.N.Y. 2009) (Lanham Act); *Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, No. 97 CIV. 5499(DNE), 2000 WL 264295, at *35 (S.D.N.Y. Mar. 9, 2000) (Sherman and Clayton Acts). The same holds true for courts applying New York law. *See, e.g.*, *Cohen v. Koenig*, 25 F.3d 1168, 1173 (2d Cir. 1994); *DER Travel Servs., Inc. v. Dream Tours & Adventures, Inc.*, No. 99 CIV. 2231(HBP), 2001 WL 1160598, at *3-4 (S.D.N.Y. Sep. 27, 2001). It is well-established, therefore, that corporate agents can be held responsible for their own misconduct when they are acting on behalf of a corporation and in furtherance of its business.

With this in mind, the Court concludes that a sufficient evidentiary basis exists to support the jury's verdict on the Section 7434 claim. The jury did not have to credit Wang's disavowal of any involvement in the creation and submission of the fraudulent W-2 form that underreported Zhuang's pay. Instead, the jury could have reasonably inferred, solely on the basis of the "Agreement About Company's Liabilities" that Wang signed on or about April 16, 2017, that Wang was the one in charge of handling the filing of Zhuang's W-2 form for Qiyuan Garden Restaurant Inc. In that agreement, Wang took on full responsibility for "[a]ll company matters" and "money transactions"—a far-reaching purview that could have, drawing all reasonable inferences in favor of the nonmovant, encompassed the filing of the restaurant's W-2 forms. Pl.'s Ex. 2, Dkt. No. 127-12, at 3. Based on this evidence alone, the jury could have reasonably concluded that Wang, with the assistance of the restaurant's accountant, filed Zhuang's W-2 form on behalf of the restaurant and that the first element of Zhuang's Section 7434 claim was

5

accordingly satisfied.[2]

The listing of Ai Feng Zhu, a previously dismissed defendant, as the restaurant's contact person on the W-2 form and the inclusion of her nominal company title on the form's (unsigned) signature line did not have to persuade the jury otherwise. *See* Pl.'s Ex. 1, Dkt. No. 127-11, at 3. That same April 16, 2017 agreement had, after all, expressly empowered Wang to make use of Zhu's identity for purposes of operating the restaurant during the time period covered by the W-2 form. Pl.'s Ex. 2, at 3. References to Zhu, therefore, on the W-2 form could easily be explained by Wang using Zhu's name to act in her stead when dealing with the restaurant's financial matters, as the agreement envisioned.[3] Given that the jury could have followed the same line of reasoning, its verdict must be left to stand.

## Conclusion

In line with the foregoing, Wang's Rule 50 motion for judgment as a matter of law is denied. Her motion to reconsider the Court's March 26, 2026 order directing the parties to file the trial transcript on the docket, Dkt. No. 127, is granted, and upon reconsideration in light of the resolution of the Rule 50 motion, the order directing the filing of the transcript is vacated.

Within 14 days of the entry of this Memorandum & Order, Zhuang shall file his motion for entry of judgment, which the parties agree will be uncontested. *See* Dkt. No. 126. On that same date, the parties shall also file a joint proposed briefing schedule for Zhuang's motion for attorney's fees. Both motions will, at the appropriate time, be referred to Magistrate Judge Peggy Cross-

---

[2] Though nothing further is needed to uphold the jury's verdict, the testimony at trial that Wang interacted with the restaurant's accountant on at least one occasion and that she was the one to hand Zhuang his wages and W-2 form also lends support to the conclusion that Wang "filed" Zhuang's W-2 form for the restaurant and was an active player in its creation.

[3] Wang did so frequently after all. She herself testified that she filled out paychecks that Zhu would later sign. *See* Joint Ex. 10, Dkt. No. 127-10.

Goldenberg for a report and recommendation as to her findings.

So Ordered.

Dated:  Brooklyn, New York
        July 7, 2026

                                        /s/ Eric N. Vitaliano
                                        _____
                                        ERIC N. VITALIANO
                                        United States District Judge